Thomas W. Rumpke [Wyo. State Bar No. 6-2974]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
(307) 638-1911
(307) 638-6211 Facsimile
trumpke@lglp.net

Attorney for Defendant Elsie Reynolds, in her Individual and Official Capacities

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| RANDALL THOMAS BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-CV-00257-ABJ |
| | ) | |
| ELSIE REYNOLDS, in her | ) | |
| individual and official capacity as | ) | |
| Platte County Detention Center | ) | |
| Nurse, | ) | |
| Defendant. | ) | |

## JOINT REPORT OF MEETING AND CASE MANAGEMENT PLAN

On February 27, 2026, the Plaintiff and counsel for Nurse Reynolds met and

conferred to consider the issues for this Report and in preparation for the March 25,

2026, Initial Pretrial Conference.

1.     PARTICIPATING COUNSEL

Counsel participating in the conferral were as follows:

a.     For Plaintiff, Randall Thomas Bailey:

Randall T. Bailey
Park County Detention Center
1402 Riverview Drive
Cody, WY 82414

b.    For Defendant Elsie Reynolds, in her Individual and Official Capacities:

Thomas W. Rumpke [Wyo. State Bar No. 6-2974]
Wyoming Local Government Liability Pool
6844 Yellowtail Road
Cheyenne, Wyoming 82009
T: (307) 638-1911
trumpke@lglp.net

2.    STATUS OF RELATED CASES

There are no related cases.

3.    NATURE OF THE CASE

a.    **Plaintiff's claims:**

Plaintiff's claims against Elsie Reynolds are that he was denied medical treatment when he needed it following being attacked at the jail.  Plaintiff was attacked by Drew Blackburn.  Plaintiff asked that he be charged, but is not aware of any criminal charges being filed against Mr. Blackburn.  Plaintiff's injuries were severely bruised on left side of body.  Leg was black with bruising.  It remained black for about a month.  Plaintiff put in a ticket for medical treatment and it was five days before Nurse Reynolds saw him.  Nurse Reynolds did not seem to be aware that there was a request for medical care.  Plaintiff asked Nurse Reynolds to photograph his injuries and she refused.  Plaintiff showed his injuries to the minister,

2

Wade Stoll.  He also showed it to several men in the pod including Scott Van Goethen and Steve Harvey.  Plaintiff continues to require TENS socks for these injuries and still has pain associated with the injuries.

Plaintiff was being moved from different facilities.  In October he remained shackled for eight days.  This caused cuts and bruising to his wrists and ankles. Plaintiff put in a request for an ice pack.  He did not receive an ice pack for the cuts and bruising.  When he saw Nurse Reynolds, she seemed to be unaware of his request for medical care.  The same witnesses saw these injuries.  These remained bruised for about five (5) weeks.  Plaintiff was in quite a bit of pain.

   b.   **Defendants' claims:**

Defendants generally deny the allegations in Plaintiff's Complaint and assert various affirmative defenses including but not limited to proximate cause, failure to exhaust administrative remedies, qualified immunity and failure to mitigate.

   4.   JURISDICTION AND VENUE

The Court has jurisdiction over both this case and the parties in this action.

   5.   PARTIES DISAGREEING WITH JURISDICTION

None.

   6.   COMPLEXITY OF THE CASE

Defendant submits this case is not complex.

   7.   ADDITIONAL PARTIES

Currently the parties do not anticipate adding additional parties.

8.    ANTICIPATED INTERVENTIONS

There are no anticipated interventions.

9.    CLASS ACTION ISSUES

There are no class action issues in this case.

10.    INITIAL DISCLOSURES

Initial disclosures have been served on February 6, 2026.  Plaintiff does not think he received them.  Plaintiff has not provided initial disclosures.

11.    DISCOVERY PLAN

a.    Responses to all the matters raised in Rule 26(f).

Plaintiff raised the concern that he does not have access to his legal materials and that this kept him from being able to make meaningful answers to most of the issues addressed in this report.

b.    When and to whom the Plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending written discovery to the Defendants after the initial pretrial conference.

c.    When and to whom the Defendant anticipates it may send interrogatories.

Defendants anticipate sending written discovery, including interrogatories, requests for production and requests for admission to the Plaintiff after receipt of Plaintiff's initial disclosures.

     d.     Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the depositions of Lieutenant Kirlin, Elsie Reynolds, Scott Van Goethen, Steve Harvey, Wade Stoll, and Brenda Mudder.

     e.     Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking Plaintiff's deposition. Depending on what information Plaintiff's initial disclosures contain, there may be additional depositions to schedule.

     f.     Experts to be designated and reports exchanged.

     i.     **By Plaintiff:**

Plaintiff does not anticipate designating any experts.

     ii.     **By Defendants**:

Defendant anticipate designating an expert on the standard of medical care for bruising comparable to the bruising reported by Plaintiff. Defendant anticipates the same expert will also address the standard of care for injuries to Plaintiff's wrists and ankles that he claims were caused by shackling.

Because Mr. Bailly is incarcerated this case may take longer. Defendant anticipates being able to designate an expert by **July 31, 2026.**

Defendants reserve the right to designate additional witnesses in response to Plaintiff's expert designation.

g.     List expert depositions the Plaintiff anticipates and completion dates.

The parties were unable to discuss this issue.

h.     List expert depositions the defendant anticipates and completion dates.

Since Plaintiff does not anticipate designating any experts, there will not be any expert depositions conducted by the Defendant.

i.     Indicate conferral with clients regarding electronically stored information obligations.

The Defendant has represented that counsel has conferred with their clients concerning their duty to preserve electronically stored information (ESI).

j.     Scope and limits of planned discovery.

The parties do not anticipate taking more than five (5) fact witness depositions or serving more than twenty-five (25) interrogatories upon each respective party.

12.     IF UNABLE TO AGREE ON A DISCOVERY PLAN, DESCRIBE SEPARATE VIEWS.

Plaintiff stated he cannot answer when discovery could be completed due to his claimed lack of access to his legal materials.

Defendant anticipates one round of written discovery.  Then, Defendant anticipates several definition that may be difficult to schedule due to Defendant's incarceration.  Defendant anticipates discovery can be completed in 10-12 months due to scheduling difficulties caused by Plaintiff's incarceration.

13.    SPECIFY    ANY    DISCOVERY    OUTSIDE    OF    INITIAL DISCLOSURERS UNDERTAKEN TO DATE.

None have been undertaken at this point.

14.    DATE    PLANNED    DISCOVERY    CAN    BE    REASONABLY COMPLETED.

Defendant anticipates discovery can be completed in 10-12 months due to scheduling difficulties caused by Plaintiff's incarceration.

15.    POSSIBILITIES OF PROMPT SETTLEMENT.

The Defendant submits the possibility of settlement is poor.

16.    DESCRIBE STEPS MADE FOR PROMPT RESOLUTION.

There have been no efforts toward prompt resolution.

17.    ALTERNATIVE DISPUTE RESOLUTION TECHNIQUES REASONABLY SUITABLE.

The Defendant does not believe this case is suitable for any alternative dispute resolution techniques.

18.   JURY DEMAND.

Neither party has demanded a jury trial in this matter.

19.   EVIDENCE PRESENTATION.

Plaintiff anticipates it will take 16 hours (2 days) to present his case.

Defendants anticipate it will 16 (2 days) hours to present their case and affirmative defenses.

20.   PENDING MOTIONS FOR INITIAL PRETRIAL CONFERENCE.

There are no pending motions for the initial pretrial conference.

21.   OTHER MOTIONS.

None anticipated.

22.   ANYTHING ELSE TO ADDRESS AT THE INITIAL PRETRIAL CONFERENCE.

Plaintiff anticipates discussing his lack of legal materials with the Court.

23.   ANTICIPATED AMENDMENTS TO THE PLEADINGS.

At this time there are no anticipated amendments to the pleadings.

24.   CONTACT INFORMATION FOR ALL ATTORNEYS AND PARTIES.

For Plaintiff, Randall Thomas Bailey:

    Randall T. Bailey
    Park County Detention Center
    1402 Riverview Drive
    Cody, WY 82414

For Defendant Elsie Reynolds, in her Individual and Official Capacities:

    Thomas W. Rumpke [Wyo. State Bar No. 6-2974]
    Wyoming Local Government Liability Pool
    6844 Yellowtail Road
    Cheyenne, Wyoming 82009
    T: (307) 638-1911
    trumpke@lglp.net

DATED this 2nd day of March, 2026.

                */s/ Thomas W. Rumpke*
                Thomas W. Rumpke

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically filed the foregoing with the Clerk of Court and served other parties by the following means on this 2nd day of March, 2026:

Randall T. Bailey #96875           [✓] U.S. Mail
Park County Detention Center
1402 Riverview Drive
Cody, WY 82414

                */s/ Elizabeth A. Harris*
                Elizabeth A. Harris
                Wyoming Local Government Liability Pool