RANDALL THOMAS BAILEY, PLAINTIFF

VS.

SARA ELIZABETH LARSON et al DEFENDANTS

CASE NUMBER: 25-CV-257-J

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 18 2026
12:07 pm
Margaret Botkins, Clerk
Cheyenne

## MOTION FOR INJUNCTION, HEARING, AND RELIEF

COMES NOW, RANDALL THOMAS BAILEY, PRO SE, ON HIS OWN BEHALF TO REQUEST THE FOLLOWING. PURSUANT TO RULE 65(a) or 65(b), I RESPECTFULLY MOVE THIS COURT TO ISSUE A TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION TO PRESERVE THE STATUS QUO. I AM CURRENTLY FACING AN IMMINENT COURT DEADLINE, MULTIPLE CASES, BUT HAVE BEEN DENIED THE LEGAL MATERIALS AND LAW LIBRARY ACCESS REQUIRED TO PREPARE MY DEFENSE. SINCE DEC. 18, 2025, INCLUDING U.S. MAIL SERVICE.

II. STATEMENT OF FACTS. ON JANUARY 16, 2026, I WAS TRANSFERRED FROM WHEATLAND, WYO. TO PARK COUNTY WYOMING. (P.C.D.C) RIVERVIEW DRIVE, CODY, WY. I WAS TRANSPORTED WITH SELF PURCHASED LAW MATERIALS (MY EXPENSE), THAT WOULD ASSIST ME IN MY DEFENSE. STARTING DEC. 18, 2025, I WAS TRANSFERRED MULTIPLE TIMES, EACH TIME REMOVING MY LEGAL MANUALS AND RESTARTING AN ARDUOUS TASK OF RECLAIMING THEM. I WAS 5% FROM COMPLETION FOR THE RESPONSE TO JUSTICE JOHNSON'S REPLY TO THE ABOVE NAMED CASE. THIS ISSUE I RAISED AT THE MARCH 25, 2026 ZOOMED SESSION OF JUSTICE JOHNSON'S COURT. I SPECIFICALLY AND PRECISELY FOLLOWED THE COURT'S INSTRUCTION TO OBTAIN THE LEGAL MATERIALS. MR. BAILEY PLACED A REQUEST WITH JGE. BILL SIMPSON'S COURT, AND FURTHER EXHAUSTED EVERY GRIEVANCE WITH P.C.D.C. EVEN HAVING DIRECT CONVERSATIONS WITH LT. JOE TORZON. MR. TORZON HAS IGNORED THE COURTS RULINGS- BOUNDS V. SMITH, LEWIS V. CASEY. ON DEC. 30, 2025, LEGAL MAIL WAS DELIVERED, (REGISTERD) TO GHERING, NE. (S.B.D.C) WHERE I WAS HELD. ON JAN 5, 2026 I WAS MOVED TO WHEATLAND, WY. (P.C.D.C), THAT MAIL DID NOT FOLLOW. ON JAN 8, 2026 I WAS MOVED BACK TO GHERING, NE. WHERE THE MAIL FOR MY DEFENSE RESTED. I WAS FOR 1 DAY PLACED IN DETOX, THEN MOVED TO MEDICAL ISOLATION, NEVER OBTAINING MAIL, OR LEGAL MATERIALS DESPITE PLEAS TO MR. TODD (RESPONSIBLE PARTY/ADMIN; SCOTTS BLUF D.C.) ON JAN. 13, 2026 I WAS MOVED FROM S.B.D.C ISOLATION BACK TO WHEATLAND, P.C.D.C. TEN MINUTES INTO THE JOURNEY, THE OFFICER WHIPPED THE EXCURSION INTO A U-TURN AND PULLED INTO A FURNITURE STORE AND ALIGNED DRIVER TO DRIVER WITH A MARKED PATROL CRUISER. MY FEMALE DRIVER REACHED OUT THE DRIVER'S WINDOW TO THE OTHER DRIVER'S (MALE UNIFORM) OFFICER'S DRIVER WINDOW

MOTION FOR INJUNCTION, CONT.

AND PASSED A U.S.P.S. PRIORITY PACKAGE WITH THE TO: CLEARLY VISIBLE AND READING, RANDALL T. BAILEY. THE SELFSAME MAIL RECEIPT DELIVERED TO S.B.D.C ON DEC.30, 2025. MR. BAILEY AND THE MAIL WERE TAKEN TO WHEATLAND, (P.C.D.C.) AND TURNED OVER TO DPT. MARTINEZ. ON JAN. 16, 2026 AT 03:00 AM MR. BAILEY WAS AWAKENED AND MOVED TO PARK COUNTY, WY. MR. BAILEY HAD TO ASK ABOUT THE MAIL ~ TOLD IT WAS LOST ~ THEN IT APPEARED WITH MR. HARRIS, ALONG WITH ALL LEGAL MATERIAL/PROPERTY BELONGING TO BAILEY. IT IS NOW _____ DAYS AFTER DELIVERY AND THE LEGAL MAIL IS NOT IN POSESSION OF MR BAILEY. FROM 1-16-26 UNTIL 1-19-26 SGT. CAPELLEN HELD THIS MAIL. CAPELLI PUNITIVELY HELD BAILEY IN GEN, HOLDING UNTIL 1-19-26 STATING THAT HE NEEDED TO BE ARRAIGNED AND CLASSIFIED. MR. BAILEY DID NOT. BAILEY WAS MOVED TO POD R ON 1-19-26 - AFTER - CAPELLEN HAD INSTRUCTED DPT. POWERS TO OPEN AND RANSACK THE 12-30-26 MAIL BELONGING TO BAILEY. TAYLOR V. STERRETT, 532 F. 2d 462, ESTABLISHED THE STANDARD, WHICH IS TO HAVE IT RECEIVED UNOPENED, AND I SUBMIT - TIMELY. THE LEGAL MATERIALS (SEE JOHNSON'S REPLY TO MY INITIAL FILING [DEC. 2025 DATE?] HAVE STILL, (APR. 30, 2026) NOT BEEN RETURNED TO MR BAILEY. THESE MATERIALS ARE ALL QUESTIONS, DISCOVERIES, CORRESPONDENCE OF COURT, MANUALS, LEGAL WRITINGS BELONGING TO MR. BAILEY PRIOR TO JANUARY 19, 2026. IT PLACES MR. BAILEY IN IMMEDIATE DANGER DUE TO MISSED DATES AND DEADLINES OF A LEGAL NATURE. THE STRESS OF FIGHTING UN-CONCERNED JAIL STAFF WHO CLAIM IGNORANCE TO ESTABLISHED LAW, I.E. BOUNDS V. SMITH, HAS CREATED PHYSICAL AILMENTS THAT WILL NEED TO BE ADDRESSED FOR THE REMAINDER OF MR. BAILEY'S LIFE. MR. BAILEY HAS DEVELOPED SHINGLES, EXCESSIVELY HIGH BLOOD PRESSURE, AND EDEMIA TO THE POINT THAT THE LARGEST CUFFS ARE NEEDED WHEN MR. BAILEY IS TRANSPORTED. MR. BAILEY WILL SEND PHOTOS TO Melanie_Sonntag@wyd.uscourts.gov, SHOWING THE UNNECESSARY PAIN INFLICTED ON MR. BAILEY FOR THESE TRANSPORTS.

IT IS A FACT THAT WHEATLAND, (P.C.D.C) HAS A "LAW LIBRARY" OR PLACE OF STUDY, IT IS INADEQUATE IN THAT THE MOST CURRENT WEST'S JOURNAL IS '2008' AND CITES WHAT ARE NOW RETIRED OR NO LONGER EXISTING STATUTES, CLEARLY MISLEADING. THE SCOTT'S BLUFF, (GHERING NE.) MR. TODD, FACILITY AND THE CODY WY. (P.C.D.C), MR. JOE TORCZON, HAVE NO LAW LIBRARY, AND COMPLETELY REFUSE TO OFFER FORM OR ANY ASSISTANCE. PAGE 15 OF THE CODY (P.C.D.C.) PRISONER MANUAL PROMISES FORMS - IF - A PAPER REQUEST IS MADE. MR. BAILEY HAS MADE 4 SUCH REQUESTS, PLUS A GRIEVANCE, AND ASKED AN OUTSIDE ATTY. FOR HELP IN SECURING THE FORMS, ALL RESULTING IN FAILURE. REPEATED

MOTION FOR INJUNCTION (CONT.)

REQUESTS TO MR. JOE TORCZON, INCLUDING RECITING THE LAW OUTLINED IN BOUNDS V SMITH, LEWIS V. CASEY, GLUTH V. KANGAS, 951 F. 2d, PETERSON V. SHANKS, 149 F 3d AND ALSO LINDQUIST V IDAHO STATE BOARD OF CORRECTIONS, 776 F.2d — WHERE A STATEWIDE UPGRADE WAS REQUIRED — ARE SIMPLY IGNORED. MR. BAILEY HAS PERSONALLY EXPLAINED THIS TO ALL CODY SERGEANTS AND MR. TORZON, ONLY TO BE IGNORED. WHEN IN P.C.D.C. (WHEATLAND) LAW LIBRARY, I PAPER REQUESTED OF SGT. TAYLOR FOR OUTSIDE FORM ASSISTANCE, AND WAS TOLD THAT WAS NOT PROVIDED. BOUNDS V. AND LEWIS V. CLEARLY EXPOUND UPON THE COURTS RULING WHEREBY A PRISONER ABSENT A LAW LIBRARY IS REQUIRED TO BE OFFERED OUTSIDE FORM AND FILING HELP. ALL 3 LOCATIONS (P.C.D.C.; PARK C.D.C., S.B.D.C), REFUSED. MR KIRLIN DID AFTER A FASHION OFFER TO, AND DID PRINT FORMS FOR MR. BAILEY, BUT REFUSED ACCESS TO THE D.O.J. PRISONER SELF HELP SITE. THE PROVIDED FORMS WHERE SUBSEQUENTLY TAKEN AWAY, AND AS OF WRITING TODAY, NOT RETURNED. IN FEDERAL CUSTODY, MR. BAILEY WAS APPROVED TO COMPLETE HIS PARALEGAL LICENSE AS MR. CUSTIS HAD FAILED IN HIS DUTIES. MR. BAILEY HAD COMPLETED 22 OF 31 EXAMS TOWARD THIS PRIOR TO ARRIVING IN CODY (P.C.D.C). THE STUDY IS ENCOURAGED BY THE FEDERAL SYSTEM AND MR BAILEY'S GRADE AVERAGE IS 97 PERCENT. THE NEW VOLUMES ARE BEING HELD BY MR. TORCZON AND PLEAS BY OUTSIDE ATTORNEY SAM KRONE FOR MR. BAILEY TO GO FORWARD ARE DENIED. THIS STUDY HAS HELPED MR. BAILEY IN EVERY WAY AS A PRO SE LITIGANT, WHILE NOT IMPACTING THE JAILS NEGATIVELY. MR. BAILEY WAS UTILIZING BLACKSTONE TO FILE IN THE 10th DISTRICTS COURT, THAT HAS NOW BEEN STOPPED BY MR. TORCZON'S ACTION. MR. BAILEY HAS EXHAUSTED THE GRIEVANCE PROCESS TO NO AVAIL. THE TABLETS PROVIDED WHICH ARE THE SAME NCIC OFFERED IN EACH OF THE FACILITIES MR. BAILEY HAS VISITED, USE ELECTRONIC 'KITES' AND 'GRIEVANCES'. PARK WY. USES PAPER AND NOT TABLET. THIS IS CURIOUS. BY CURIOUS, MR BAILEY MEANS DECEPTIVE. MR BAILEY'S PAPER NOTES TO ADMINISTRATION HAVE GONE 'MISSING', AND A LAYMAN WOULD RECOGNIZE THAT ELECTRONIC MESSAGING WOULD BE PREFERRED. WHEN MR. BAILEY, FACE TO FACE, RAISED THIS ISSUE WITH MR. TORCZON, HE DID NOT COMMENT. HE DID OFFER TO SPEAK WITH MR. BAILEY, IF MR BAILEY SUBMITTED A 'KITE'. MR. BAILEY DID, AND HAS NOT HAD THE CONVERSATION AT THIS WRITING.

IN BANKS V. ANNUCCI, 48 F. SUPP 3d 394 RE, THE AREA OF THE 7th COMPLAINT, THE COURT FIRMLY AGREES THAT PRISONER MAIL SHOULD NOT BE TAMPERED WITH, BUT PLACES A SPECIAL EMPHASIS AND CAUTION AS REGARDS LEGAL MAIL. THE DISCUSSION AND SUPPORT INVOKES DAVIS V. GOORD, 320 F. 3d 346, 351 AND AGAIN SUPPORTS LEGAL MAIL NON-INTERFEREANCE AT THE SAME TIME

BAILEY V. LARSON ET. AL            MOTION FOR INJUCTION      CASE NO: 25-CV-257-J

STATING THE OBVIOUS ALLOWANCE OF PERSONAL MAIL REGULATION ONLY WHERE PENOLOGICAL NE-CESSITY APPLIES. NO PENOLOGICAL NECESSITY EXISTS IN PARK COUNTY TO INTERFERE. THERE ARE TYPICALLY 11-13 DEPUTIES ON DUTY GUARDING LESS THAN 30 INMATES. CODY IS SMALL, THE U.S.P.S. IS ONLY 2 MILES FROM THE FACILITY. MR. BAILEY HAS GREAT NEED OF COPIES AND NOTARY AND SHERIFF STEWARD AND MR. TORCZON ARE BEING DECEPTIVE. YESTERDAY, AN OUTSIDE EMAIL REQUEST WAS MADE OF SHERIFF STEWARD AND THE RESPONSE WAS, "MR BAILEY HAD NOT FOLLOWED POLICY OUTLINED IN THE PRISONERS HANDBOOK HELD IN EACH POD. MR. BAILEY, STEVEN HILL, AND ERIC SUNSHINE, AT 7 PM, IN POD-#E, TOGETHER READ THE MANUAL. THERE IS NO WRITTEN POLICY CONTAINED ADDRESSING COPIES OR NOTARY. THIS WAS CONFIRMED TODAY, SAME PARTICIPANTS, AT 8:13 AM DURING INSPECTION WITH SGT. TURNER AND THE HANDBOOK, SGT. TURNER VOCALLY CONFIRMED THAT THERE EXISTS — NO — POLICY IN THE HANDBOOK. THE SOLUTION, OR RULE IS IN FOY V. LOPEZ, 1998 U.S. DIST. L. 8675 — "PRISON REGULATIONS THAT MAY REASONABLY LIMIT THE TIMES, PLACE, AND MANNER IN WHICH INMATES MAY ENGAGE IN PREPARATION OF LEGAL PAPERS DO NOT TRANSGRESS THE RIGHT OF ACCESS, SO LONG AS THE REGULATIONS DO NOT FRUSTRATE ACCESS." THE HONORABLE COURT MUST NOW DECIDE IF 4 WEEKS AND CONTINUING IS FRUSTRATING MR. BAILEY'S ACCESS. MR. BAILEY WILL MISS THE DEADLINE FOR THE NEXT COURT HEARING, AND AT THE SAME TIME, MR. BAILEY CLEARLY MISSED THE FILING RESPONSE TO THE ABOVE CASE. THE INJURY IS CLEAR. WITHOUT PAPER, PEN, MANUALS, RULES, ACCESS TO ASSISTANCE, POSTAGE, AND ENVELOPES FAILURE IS A CERTAINTY. MR. BAILEY NEEDS TO CONTINUE HIS STUDY, AND REQUESTS THE RETURN OF LEGAL MATERIAL THAT HE HAS PURCHASED. THIS FACILITY HAS X RAY, AND SECURITY CAPABILITIES, EVIDENCED BY THE BOOK CART. MR. BAILEY'S MANUALS ARE ALL PAPERBACK.

MR. BAILEY HAS NOT BEEN OUTSIDE, NOR OFFERED OUTSIDE EXERCISE SINCE NOV. 11, 2024, — NONE. HE IS TYPICALLY MOVED INSIDE A GARAGE. MR. BAILEY ASKED, VIA MOUTH, OF MR. TORCZON IF OUTSIDE EXERCISE WAS AVAILABLE. TORCZON SAID NO. EACH INSTITUTION CAN PLEAD IGNORANCE, OR THAT 'THEY' DID NOT RESTRICT MR. BAILEY, BUT THIS FALLS SHORT. EACH OF THE FACILITY ADMINISTRATORS WOULD PLEAD THAT THEY HAD NOT CONTRIBUTED TO THIS, BUT THAT IS NOT TRUE, IT IS THE RESULT OF THE ILLEGAL BAIL, AND 'DIESEL' THERAPY. $50,000 DOLLARS, CASH ONLY IS PUNATIVE AND A VIOLATION OF THE WYOMING AND UNITED STATES CONSTITUTION. CASES, SUCH AS DELANEY V. DETELLA, 256. DENIAL OF OUTSIDE EXERCISE IS A CONCERN FOR MANY LITIGANTS, AND THERE IS NO DOUBT OF THE HARMFUL EFFECT OF LIMITING EXERCISE AND THE MAIN SOURCE OF VITAMIN D.  →

OVER

MOTION FOR INJUNCTION, CONT.

MR. BAILEY IS NOT A 24 YEAR OLD, BUT A PERSON WHO HAS REACHED AN AGE THAT HIS PERSONAL HEALTH IS OF A PRIMARY CONCERN, ESPECIALLY ANYTHING THAT WOULD CAUSE HIM A DEFICIENCY OF VITIMIN D. THE 18 MONTH PROHIBITION HAS HARMED MR. BAILEY. UHURU V. MANCUSI, 2021 U.S. DIST LEXIS 119204 THOUGHT IT CONCERNING ENOUGH TO FILE SUIT AT FIVE MONTHS, AT THE OTHER EXTREME SPENCER V PAYNE, 2023 U.S. DIST LEXIS 99542 – OF 482 DAYS PLAINTIFF CLAIMS 11 OUTSIDE DAYS. OFFERED. MR. BAILEY IS AT 547 DAYS ON 5-13-2026. ON OCT. 11, 2025 MR. BAILEY WAS ATTACKED BY AN 18 YEAR OLD FEDERAL INMATE, RESULTING IN NO CHARGES FOR THE ASSAULT, AND THE ATTACKER WAS LEFT IN THE POD. MR. BAILEY WAS ASSAULTED BY A SGT. ON STAFF AT P.C.D.C. ON FEB 2, 2026, AND NOTHING HAS BEEN DONE. ON FEB. 18, 2026 MR BAILEY WAS ASSAULT THREATENED BY ANOTHER GUARD, AND ALTHOUGH REPORTED VIA GRIEVANCE, NOTHING HAS BEEN DONE BY MR. BAILEY'S CRIMINAL LAWYER, NOR MR. TORCZON. THERE IS A CURIOUS LACK OF WORKING CAMERAS IN PARK COUNTY, WHEN THEY ARE NEEDED TO PROTECT INMATES. MR. BAILEY'S CIVIL RIGHTS HAVE WITHOUT QUESTION BEEN COMPROMISED, ROSS V. BLAKE, 578 U.S. 632 INDICATES THAT THE INMATE ON NEEDS TO EXHAUST AVAILABLE GRIEVANCES. AVAILABLE IS KEY HERE.

## III. LEGAL STANDARDS

1. I HAVE A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT TO ACCESS THE COURTS UNDER BOUNDS V. SMITH, COPELAND V. MERCER CTY. CORR. CTR., 2020; PETERSON V. SHANKS, 149 F.3d 1140,

2. IRREPREBLE HARM. BEING FORCED TO PROCEED TO A HEARING WHILE BEING PREVENTED FROM PREPARING THE CORRECT ACCURATE LEGAL DEFENSE CONSTITUTES INJURY, AND IT CANNOT BE REPAIRED AFTER THE FACT. EVEN SHACKLING IS AN INJURY BOTH PSYICAL AND LEGAL, PREVENTING MR. BAILEY FROM ASSISTING IN HIS DEFENSE, OR EVEN READING, SIGNING, AND UNDERSTANDING THE PROCEEDINGS.

3. BALANCE OF EQUITIES: THE HARM TO MY CIVIL RIGHTS FOR THESE 547 DAYS, AND MY CONSTITUTIONAL RIGHTS FAR OUTWEIGHS ANY MINOR ADMINISTRATIVE BURDEN THE FACILITY MAY FACE IN PROVIDING ME ACCESS. THE MATERIAL IS NECESSARY.

4. PUBLIC INTEREST: IT IS IN THE PUBLIC INTEREST TO ENSURE THAT ALL CITIZENS, ESPECIALLY THOSE IN CUSTODY, RECIEVE DUE PROCESS AND A FAIR HEARING, AND CONSIDERATION AND RESPECT TO ALL THEIR CONSTITUTIONAL RIGHTS, SPEECH, ACCESS, BAIL, CRUEL AND UNUSUAL PUNISHMENT, AND DUE PROCESS

MOTION FOR INJUNCTION, CONT.

V. RELIEF REQUESTED WHEREFORE, I RESPECTFULLY REQUEST THAT THIS COURT:

1. ENTER AN ORDER ENJOINING THE STATE FROM PROCEEDING WITH THE SCHEDULED HEARINGS UNTIL I AM PROVIDED FULL MEANINGFULL ACCESS TO LEGAL RESEARCH, AND ALL MY LEGAL MATERIALS ESPECIALLY BLACKSTONE'S AND PRISONERS SELF HELP GUIIDE.

1.A. - ALLOW PRO SE BAILEY TO AMEND AND REPLY TO THE ORIGINAL PLEADING.

2. ORDER PARK COUNTY P.C.O.C.; MR. JOE TORCZON, AND PLATTE COUNTY, WY. THAT THE DECIDED LAW OF BOUNDS V. SMITH, LEWIS V. CASEY, GLUTH V. KANEAS, AND PETERSON V. SHANKS IS THE ACCEPTED RULE OF THE UNITED STATES, THUS EITHER LAW LIBRARIES MUST BE PROVIDED, (LINDQUIST V IDAHO STATE BOARD OF CORRECTIONS, 776 F. 2d 551) OR ASSISTANCE VIA TRAINED LEGAL PROFESSIONALS, PARALEGALS, ETC. MUST.

3. ORDER PARK COUNTY TO CEASE INTERFEREING WITH ATTORNEY VISITS, VIA STANDING A DEPUTY OVER INMATES WHILE THEY CONFER WITH ATTORNEYS, AND THEN STRIP SEARCHING THE INMATE IN RETRIBUTION FOR HAVING THE MEETING.

4. EXPLAIN AND INSTRUCT MR. TORZON THAT LEGAL MEANS PAPER, PENS, MAIL, COPIES AND LEGAL REFERENCES SUCH AS WEST'S AND BLACKSTONE'S.

5. EXPLAIN TO MR. TORCZON AND HIS STAFF THAT COURT MEANS COURT, NOT STATE, FEDERAL, CIVIL — AND ANY COURT BUSINESS FOR THE INMATE REQUIRES ACCESS.

6. WARN MR. TORCZON THAT INTIMIDATION AND THREATS FROM HIM OR HIS STAFF ARE ACTIONABLE ITEMS, AND PUNISHING INMATES FOR UNWRITTEN/UNPUBLISHED RULES ARE INTIMIDATION. PROMISING FORMS, THEN NEVER DELIVERING IS INTIMIDATION.

7. ORDER PARK COUNTY TO IMMEDIATELY MOVE INMATE CONTACT AND GREIVANCE TO THE NCIC TABLET FOR PRESERVING THE STATUS QUO OR MOVE TO A 3-PART CARBON COPY TRACKING PAPER, SO GRIEVANCES DO NOT DISAPPEAR,

7A - ORDER PARK COUNTY SOLICITOR TO RETURN ALL MY PROPERTY, PHONE, COMPUTER, ETC. ALL

8. GRANT MR. BAILEY A 90 DAY FURLOUGH WITH SUPERVISION SO THAT HE MAY ADDRESS HIS LEGAL BUSINESS AND SECURE HIS HEALTH. HIS LIFE HISTORY INDICATES HE IS NO RISK OF FLIGHT AND $550,000 BAIL AND 550 DAYS WITHOUT OUTSIDE WORK IS CLEARLY CRUEL AND UNUSUAL PUNISHMENT.

SINCERELY, Randolph J. Bail

RANDALL BAILEY
PCDC
1402 RIVERVIEW DRIVE
CODY, WYOMING,
　　　82414



CLERK OF COURT FOR THE 10TH DISTRICT

2120 CAPITOL AVE.

ROOM 2131

CHEYENNE, WY. 82009